UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANCIS D. HELMER,

                         Plaintiff,

        -against-                                                    6:23-CV-00323 (LEK/TWD)

TIMOTHY SEYMOUR *et al.*,

                         Defendants.

_____

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Francis D. Helmer brings this pro se action against Defendants Timothy

Seymour, Tiffany Doe, and Lisa Burdick pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that

Defendants have interfered with his court-ordered child visitation rights. See Dkt. No. 1

("Complaint") at 2–3. Plaintiff has submitted an application to proceed in forma pauperis. See

Dkt. No. 2 ("IFP Application"). On May 1, 2023, the Honorable Thérèse Wiley Dancks, United

States Magistrate Judge, filed a joint Report and Recommendation granting Plaintiff's IFP

Application and recommending that Plaintiff's Complaint be dismissed in its entirety with leave

to amend. See Dkt. No. 6 ("Report-Recommendation").

No party has filed objections to the Report-Recommendation. For the reasons that follow,

the Court adopts the Report-Recommendation in its entirety.

**II.     BACKGROUND**

The Court assumes familiarity with Judge Dancks's Report-Recommendation, as well as

with Plaintiff's factual allegations detailed therein. See R. & R. at 3–4.

### III.   STANDARD OF REVIEW

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV.   DISCUSSION

No party objected to the Report-Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report-Recommendation for clear error. Having found none, the Court approves and adopts the Report-Recommendation in its entirety.

## V.      CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 6) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED with leave to amend**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:       July 18, 2023
             Albany, New York

LAWRENCE E. KAHN
United States District Judge